**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52111**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 29, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| YARELI MARQUEZ-RUIZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Rick Carnaroli, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

_____

PER CURIAM

Yareli Marquez-Ruiz pled guilty to possession of a controlled substance (Idaho Code § 37-2732(c)(1)).[1] In exchange for her guilty plea, additional charges were dismissed including an allegation that she is a persistent violator. The district court sentenced Marquez-Ruiz to a

_____

[1]     Marquez-Ruiz also pled guilty to providing false information to law enforcement; however, she does not challenge that conviction or sentence on appeal.

1

unified term of five years, with a minimum period of confinement of two years, and retained jurisdiction.[2]  Marquez-Ruiz appeals, arguing that her sentence is excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Marquez-Ruiz's judgment of conviction and sentence are affirmed.

---

[2]     This sentence was ordered to run concurrently with the sentences in Marquez-Ruiz's two other cases.